[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11286

Non-Argument Calendar

_____

LING CUI,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL OF THE UNITED STATES,
UNITED STATES ATTORNEY FOR THE SOUTHERN
DISTRICT OF ALABAMA,

Defendants-Appellees,

2                    Opinion of the Court                    24-11286

XUILU RUAN,

MD,

                                                              Defendant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cv-00456-CG-B

_____

Before JILL PRYOR, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

Ling Cui claims ownership of property seized after her ex-husband, Xiulu Ruan, was convicted of running a criminal enterprise through his pain clinic. After Ruan's conviction, the District Court ordered his assets, including real property, forfeited to provide $15 million in restitution. Cui, relying on her divorce decree, tried to intervene, claiming half of the forfeited property. The District Court dismissed her petition, and we found no error in that decision. *United States v. Ruan*, 814 F. App'x 439 (11th Cir. 2020). Now Cui brings a civil suit, alleging constitutional violations and seeking to reclaim her supposed share of the forfeited assets. The District Court dismissed her claims under the doctrine of res judicata and for failure to state a claim. We affirm.

## I.

Ling Cui and Xiulu Ruan were married when Ruan engaged in various criminal activities, including drug conspiracy, healthcare fraud, and other offenses tied to his operation of a pain clinic. Ruan was convicted on sixteen counts in February 2017.[1] The District Court entered a preliminary order of forfeiture in March 2017, seizing various properties owned by Ruan to satisfy a $15 million restitution order.

Cui, relying on a state court divorce decree finalized in April 2017, claimed a 50% interest in the forfeited properties. She argued that, under the decree, the marital property was equally divided, entitling her to half of the proceeds from any sale. Cui moved to intervene in Ruan's criminal case, filing a third-party petition to assert her ownership interest in the seized properties.

The District Court dismissed her petition. It held that Cui's interest in the property had not vested before Ruan's criminal conduct, and thus her claim did not supersede the government's forfeiture rights. And even if this was not the case, Cui's motion to intervene was untimely.

Cui appealed. *United States v. Ruan*, 814 F. App'x 439 (11th Cir. 2020). We held that Cui's motion to intervene was untimely.

---

[1] Ruan's convictions included RICO, conspiracy to violate the Controlled Substances Act, conspiracy to commit health care fraud and mail fraud, and money laundering. *See United States v. Ruan*, 966 F.3d 1101 (11th Cir. 2020), *vacated and remanded*, 597 U.S. 450, 142 S. Ct. 2370 (2022), and *adhered to in part*, 56 F.4th 1291 (11th Cir. 2023).

*Id.* at 443. And even if her motion had been timely, her challenge lacked merit. *Id.* at 442. The Fair Debt Collection Practices Act (FDCPA) provides the exclusive mechanism for contesting the government's levy on property, and Cui failed to follow its prescribed procedures. *Id.*

Undeterred, Cui initiated this civil action, seeking a declaratory judgment establishing her ownership interest and alleging violations of her constitutional rights under the Fourth and Fifth Amendments. Cui raised five causes of action:

- The first cause of action sought a declaration recognizing Cui's 50% interest in certain marital property.

- The second cause of action sought a declaration confirming that the April 2017 state court order's division of property in Cui's divorce vested her with a 50% interest in Ruan's assets.

- The third cause of action sought a declaration absolving Cui of any liability from a $230,000 forfeiture agreement involving Ruan's assets.

- The fourth cause of action alleged violations of the Fourth Amendment, claiming the government unlawfully seized Cui's property.

- The fifth cause of action alleged a Fifth Amendment claim, arguing the government unlawfully took her property without due process.

The government moved to dismiss the complaint, citing res judicata, failure to state a claim, and a lack of standing. The District Court granted the motion. It found that the first and second causes of action were barred by res judicata because Cui already had an opportunity to assert her interest in the properties during the prior execution proceedings. Cui lacked standing for the third cause of action because the substitution for the $230,000 had already been made from Ruan's assets. And the fourth and fifth causes of action failed to state a claim because Cui failed to challenge the forfeiture under the procedures mandated by the FDCPA when she was provided notice and an opportunity to do so.

## II.

On appeal, Cui argues that the District Court erred in finding that her first and second causes of action were barred by res judicata, and that her fourth and fifth causes of action alleging constitutional violations failed to state claims for relief.[2] We discuss each in turn.

## A.

We review de novo the District Court's application of res judicata. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001). Res judicata precludes a party from relitigating a claim where (1) there was a final judgment on the merits, (2) the decision

---

[2] Although the District Court's disposition of Cui's third cause of action appears in the statement of issues, Cui later in her initial brief forfeits any argument that the District Court erred.

was rendered by a court of competent jurisdiction, (3) the parties are identical in both suits or in privity with one another, and (4) the same cause of action is involved in both cases. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003). The District Court found that res judicata barred Cui's claims, and we agree.

Here, Cui's third-party petition in Ruan's criminal forfeiture case was dismissed after the District Court found that her claimed interest in the marital property did not predate Ruan's criminal acts. This denial was a final judgment on the merits by a court with proper jurisdiction. The parties—Cui and the government—are the same. And the actions arise "out of the same nucleus of operative fact, [and are] based upon the same factual predicate"—Cui's alleged interest in the seized property. *See In re Piper Aircraft Corp.*, 244 F.3d at 1297.

Cui concedes that these elements are correctly stated, but she contends the District Court erred at the "second part of the analysis." That is, once the four elements of res judicata are met, as Cui acknowledges they are, the Court must look to whether the claim could have been raised in the earlier proceeding. *See id.* at 1296. And Cui argues the Court erred at this stage for two reasons. First, she argues that the District Court never addressed whether she had a property interest in the forfeited property. Second, she contends that she had no reason to raise her property interest in the earlier proceeding. Restated by Cui, "[t]he issue had never been litigated. Cui did not know it had to be raised." This argument is unavailing.

First, Cui misunderstands the scope of res judicata. Res judicata extends to every claim arising from the same transaction or series of transactions that could have been raised in the prior action. *See id.* at 1297. Cui attempts to frame her new claim as a distinct legal issue, but the core question—whether Cui has an interest in the seized property—remains the same. That the District Court did not specifically address Cui's alleged property interest does not mean the issue was not resolved.[3] Cui had the opportunity to challenge the writ of execution under the FDCPA, and her failure to do so precludes her from reasserting the same claim under a different legal theory. Res judicata prevents Cui from taking a second bite at the apple by repackaging her argument.

Second, Cui's contention that she "did not know it had to be raised" because she could not predict the property would be seized is equally meritless. Cui was a party to the forfeiture proceeding and had ample notice that the property was subject to seizure. The record shows that Cui knew about the ongoing criminal forfeiture action against Ruan and had intervened in the proceedings, claiming an interest in the property. She cannot now claim surprise. The

---

[3] Although Cui's divorce decree may have placed a cloud on the title to certain properties, that cloud does not change the outcome in this appeal. The decree may require a state court to resolve Cui's interest in an in rem action for purposes of clarifying the title for any sale. But the federal government's forfeiture rights—established through a valid criminal conviction and enforcement under federal law—supersede Cui's claims. So while Cui's interest may complicate future real estate transactions, it does not affect the legal determination of forfeiture or the application of res judicata in this case.

government provided sufficient notice of its intent to execute the writ of execution and levy the property. Cui's failure to take advantage of her procedural opportunities under the FDCPA does not excuse her from the preclusive effects of res judicata.

The crux of Cui's argument is that she could not have anticipated the government's actions in seizing the property. However, the legal framework governing forfeiture and restitution, particularly under the FDCPA, clearly placed Cui on notice that any property in which she claimed an interest could be subject to seizure. Courts do not require a party to predict every possible outcome but do require them to assert their rights in the appropriate forum when given the opportunity.

Cui was notified and had the opportunity to challenge the writ of execution. She cannot now evade the consequences of failing to raise her claims at the appropriate time. The law does not allow her to reframe her argument to circumvent the finality of the District Court's judgment. The purpose of res judicata is to prevent exactly this type of piecemeal litigation and ensure finality in judicial proceedings. *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1291 (11th Cir. 2004). Allowing Cui to relitigate her claims would undermine the principles of finality and judicial economy that the doctrine is designed to protect. *See id.* The District Court did not err in finding res judicata barred Cui's claims.

*B.*

Next, Cui argues the District Court erred in dismissing Cui's Fourth and Fifth causes of actions for failure to state a claim. Not so.

Federal Rule of Civil Procedure 12(b)(6) requires that a complaint contain a "claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Cui's claims fall short.

First, as for Cui's Fourth Amendment claim, she summarily argues that the government illegally took her property "without right or color of right." But Cui overlooks that the property was subject to a lawful forfeiture order. The District Court already determined as much in her initial proceeding. And, as we previously explained, the FDCPA governs the procedures the government must employ when it levies property under a lawful order. *See Ruan*, 814 F. App'x at 442. Just like before, "Cui has not argued that the government failed to comply with the FDCPA's requirements for seeking execution against the properties in which she claims an interest." *See id.*

Because Cui does not allege any violation of the FDCPA, her claim that the government seized her property "without right" has no merit. Without alleging any facts that, if true, would demonstrate an illegal seizure, her Fourth Amendment claim cannot

survive. The District Court properly dismissed it for failure to state a claim.

Cui's Fifth Amendment claim fares no better. The Fifth Amendment protects against deprivation of property without due process of law. U.S. Const. amend. V. At its core, due process requires "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 656–57 (1950).

Cui argues that her due process rights were violated when the government seized her property But, as we explained,

> [Cui] was properly served with notice of the government's intent to seek a writ of execution in September 2018. She was also served with the writ of execution and notice of her right to file an objection to or request a hearing regarding the writ. Yet despite receiving these notices, Cui failed to take any further steps to assert her interest in the properties.

*Ruan*, 814 F. App'x at 442. The notice provided to Cui informed her of the proceedings, notified her of her rights, and afforded her a meaningful opportunity to act. It satisfied due process because it was "reasonably calculated, under all the circumstances, to apprise [her] of the pendency of the action." *See Mullane*, 339 U.S. at 314, 70 S. Ct. at 657 (first citing *Milliken v. Meyer*, 311 U.S. 457, 61 S. Ct. 339 (1940); then citing *Grannis v. Ordean*, 234 U.S. 385, 34 S. Ct. 779 (1914); then citing *Priest v. Bd. of Trs. of Town of Las Vegas*, 232 U.S. 604, 34 S. Ct. 443 (1914); and then citing *Roller v. Holly*, 176 U.S. 398,

20 S. Ct. 410 (1900)). Cui was provided a procedural mechanism under the FDCPA to challenge the levy but failed to use it.

In the end, the Fifth Amendment guarantees a meaningful opportunity, not a particular outcome. Cui was notified and given a chance to object, but failed to successfully pursue it. The District Court did not err in finding she failed to state a plausible claim under the Fifth Amendment.

## III.

Cui's claims are barred by res judicata and do not state claims upon which relief can be granted. Accordingly, we affirm the District Court's dismissal of her complaint.

**AFFIRMED.**